AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| | |
|---|---|
| United States of America<br>v.<br>ANGEL AUGUSTO VILLATORO-MALDONADO<br>and<br>SANTOS AUGUSTO VILLATORO-ALVAREZ<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)         1:25mj 710<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 24, 2025__ in the county of __Hancock__ in the __Southern__ District of __MS, Southern Division__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) | Forcibly Assaulting, Resisting, or Impeding a Federal Officer. |

This criminal complaint is based on these facts:

See Affidavit attached hereto and incorporated herein.

☑ Continued on the attached sheet.

_____
Complainant's signature

Steven Fortunato, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 11-25-2025

_____
Judge's signature

City and state: Gulfport, Mississippi     Robert P. Myers, Jr, United States Magistrate Judge
Printed name and title

FILED
Nov 25 2025
ARTHUR JOHNSTON, CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

# AFFIDAVIT FOR CRIMINAL COMPLAINT

STATE OF MISSISSIPPI )
COUNTY OF HARRISON )
SOUTHERN DISTRICT OF MISSISSIPPI )

I, Stephen N. Fortunato, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. The Affiant is currently employed by the U.S. Federal Bureau of Investigation (FBI) Jackson Division, Gulfport Resident Agency (RA), MS, as a Special Agent (SA). The Affiant has been employed by the FBI since March 2019. My current and primary duties at the FBI include the investigation of violent crimes, organized narcotics traffickers, criminal enterprises, bank robberies, human trafficking investigations, child exploitation, assault on federal officers and other various criminal acts. I also am authorized to enforce the immigration laws of the United States. I have participated in numerous investigations including violent crime and, through my training, knowledge, and experience, I have become familiar with investigations involving assault on federal officers.

2. Based upon these facts and circumstances, your Affiant believes there is probable cause to show that Angel Augusto Villatoro-Maldonado violated Title 18, United States Code Section 111(a)(1) – Forcibly Assaulting, Resisting, or Impeding a Federal Officer, Title 18, United States Code Section 752(a) – Aiding or Assisting in an Attempted Escape.

3. Additionally, based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that Santos Augusto Villatoro-Alvarez violated Title 18, United States Code Section 111(a)(1) - Forcibly Assaulting, Resisting, or Impeding a Federal Officer, Title 18, United States Code, Section 751(a) – Escape or Attempted

Page **1** of **5**

Escape from Federal Custody, and Title 8, United States Code, Section 1326(a), Unlawful Return to the United States by an Alien After Deportation or Removal.

4. This affidavit is intended to show only that there is sufficient probable cause for a federal criminal complaint and arrest warrant and does not set forth all my knowledge about this matter. Because this affidavit is submitted for the limited purpose of securing a federal criminal complaint and arrest warrants regarding Angel Augusto Villatoro-Maldonado and Santos Augusto Villatoro-Alvarez. I have not included each-and-every fact known to me concerning this investigation. The facts set forth in this affidavit are based on my personal observations, my training and experience, and information obtained from other agents and witnesses.

## PROBABLE CAUSE

5. On or about November 24, 2025, United States Border Patrol (USBP) Supervisory Agent Timothy Davis conducted a traffic stop on a Blue Van operated by Angel Augusto Villatoro-Maldonado on Interstate 10 near Exit 16 (Diamondhead) in Hancock County in the Southern Division of the Southern District of Mississippi. A record check for the license plate number of the Blue Van indicated to the USBP that the registered owner was an alien illegally present in the United States.

6. Upon approach, Agent Davis placed a vehicle stop device behind the rear passenger tire. Agent Davis then approached the passenger window where he observed Villatoro-Maldonado's father, Santos Augusto Villatoro-Alvarez in the passenger seat. Shortly thereafter, Agent Joe Holman arrived on scene to assist Agent Davis.

7. Agent Davis and Agent Holman requested Villatoro-Maldonado and Villatoro-Alvarez to roll down their windows. Neither of them complied. Agents then advised that they would break the window if Villatoro-Maldonado and Villatoro-Alvarez didn't roll them down.

Again, neither Villatoro-Maldonado nor Villatoro-Alvarez complied. Agent Holman went to his Patrol Vehicle and obtained his baton. He tapped on the glass and requested Villatoro-Moldonado again to roll down his window.

8. At this point Villatoro-Moldonado was on the phone with someone. This was after Villatoro-Alvarez told Agent Davis they were going to call the police even though Agent Davis and Agent Holman were in clearly marked USBP uniforms which included functioning body-cam equipment. Agent Davis observed Villatoro-Alvarez say something to Villatoro-Maldonado. Immediately after, Agent Holman observed Villatoro-Maldonado place his hand on the gear lever next to the steering wheel.

9. At this point, Agent Holman broke the driver's side window with his baton and grabbed Villatoro-Maldonado's arm to prevent him from putting the vehicle in drive. Agent Holman was unsuccessful, and Villatoro-Maldonado shifted the transmission into drive and drove onto the highway dragging Agent Holman approximately 20 feet into the middle of the two lanes of east bound traffic on Interstate 10. While doing so, the rear tire of the van ran over the vehicle stop device puncturing the tire.

10. Agent Holman was able to disengage himself from the vehicle and return to his patrol vehicle. Agent Holman and Agent Davis pursued the fleeing blue van until it came to a stop at a Texaco gas station located south of Interstate 10 off exit 16 on Yacht Club Drive in Diamondhead, Mississippi.

11. Once the vehicle stopped, Villatoro-Maldonado and Villatoro-Alvarez exited the vehicle and fled on foot. They went in separate directions, but Villatoro-Maldonado remained within eyesight of Villatoro-Alvarez. Villatoro-Alvarez tripped as he was running, and Agent Holman was able to temporarily detain him. As Agent Holman was in the process of placing Villatoro-Alvarez in handcuffs, Villatoro-Maldonado approached Agent

Holman and said something like "oh you want some" as he attempted pull Agent Holman off Villatoro-Alvarez.

12. Agent Holman then pulled Villatoro-Maldonado to the ground to place him in handcuffs. Since Agent Holman had to deviate his attention to Villatoro-Maldonado, Villatoro-Alvarez was able to temporarily escape until Agent Davis arrived in the immediate area. Villatoro-Alvarez grabbed Agent Davis's leg causing Agent Davis to sprawl and throw a knee strike to the body of Villatoro-Alverez who was then placed in handcuffs. Both Villatoro-Maldonado and Villatoro-Alvarez were then transported back to the USBP Station in Gulfport, Mississippi, for processing.

13. At the USBP Station, both Villatoro-Maldonado and Villatoro-Alvarez had their fingerprints scanned into Department of Homeland Security Databases. Villatoro-Alvarez's fingerprints were matched by computer with his fingerprints in his prior immigration and criminal records. Based on computerized fingerprint analysis, as well as visual analysis of his prior immigration photographs, Villatoro-Alvarez's identity was confirmed to be Santos Augusto Villatoro-Alvarez, a citizen and national of Honduras who was illegally present in the United States.

14. Further, record checks revealed that Villatoro-Alvarez had been ordered removed from the United States, on or about October 10, 2007, in the State of Louisiana. Based on the lawful removal order issued in his case, Villatoro-Alvarez physically was removed from the United States to his native country of Honduras, by air, on or about October 25, 2007, through or near New Orleans, Louisiana. Villatoro-Alvarez admitted to illegally reentering the United States, on or about November 25, 2007, through or near Laredo, Texas. Finally, official immigration records revealed that Villatoro-Alvarez has not

received consent or permission to apply for readmission or to legally re-enter the United States, from either the U.S. Attorney General or the Secretary of Homeland Security.

## CONCLUSION

15. Based upon these facts and circumstances, your Affiant believes there is probable cause to show that Angel Augusto Villatoro-Maldonado violated Title 18, United States Code Section 111(a)(1) – Assaulting, Resisting, or Impeding a Federal Officer, and Title 18, United States Code Section 752(a) – Aiding or Assisting in an Attempted Escape.

16. Additionally, based upon these facts and circumstances, your Affiant believes there is probable cause to show that Santos Augusto Villatoro-Alvarez violated Title 18, United States Code Section 111(a)(1) - Forcibly Assaulting, Resisting, or Impeding a Federal Officer, Title 18, United States Code, Section 751(a) – Escape or Attempted Escape from Federal Custody, and Title 8, United States Code, Section 1326(a), Unlawful Return to the United States by an Alien After Deportation or Removal.

Respectfully submitted,

_____
Stephen N. Fortunato
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on this, the __25th__ day of November 2025,

_____
Robert P. Myers, Jr.
United States Magistrate Judge